# Musa A. Jan, JD, MPH

Law Offices of Musa Jan

1000 W. Valley Road #1345
Southeastern, PA 19399
215.821.7793
musa@musajanlaw.com

August 22, 2025 **VIA ECF**

The Honorable Edward S. Kiel
United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

Re: *Grays Harbor LLC et al. v. Prime Digital Ads et al.*, Case No. 1:25-cv-13680-ESK

Dear Judge Kiel,

My office represents Plaintiffs, Grays Harbor LLC and Brett Houck, in this matter. In accordance with Your Honor's Rules and Preferences, Plaintiffs submit this letter in response to the Letter Brief of Defendants (Doc. 17). Contrary to the baseless allegations of Defendants, the Plaintiffs have not surreptitiously procured these restraints.

Notably, the Defendants have still not provided this Honorable Court with a copy of the Order to Show Cause with Temporary Restraints Pursuant to Rule 4:52 entered by the Superior Court of New Jersey on June 27, 2025. A true and correct copy is attached hereto as Exhibit A.

**I. Procedural History**

The Honorable James H. Pickering, Jr., entered the Order to Show Cause with Temporary Restraints Pursuant to Rule 4:52 on June 27, 2025. The Order required service within seven days. Plaintiffs attempted to promptly effectuate the service as required by Judge Pickering's Order. Defendant Impact Tech was formally served on July 3, 2025; it was also notified of the Order by email to its General Counsel on June 27, 2025. Defendant Prime Digital Ads was served with the Order and Complaint by USPS Certified Mail Return Receipt Requested upon its Registered Agent on July 8, 2025, although the affidavit of service was not filed prior to the removal as the Order required proof of service to be entered by July 27, 2025. Additionally, Plaintiffs sought to effectuate service upon Defendants Snowy Owl and Richler by USPS International Registered Mail as authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

The Order required a written response to the order to show cause and the request for entry of injunctive relief by July 18, 2025. The Order also warned of the consequences of the failure to file and serve opposition to the order to show cause. The Order also set forth a date of July 30, 2025, for a hearing why a preliminary injunction

1

should not be entered via Zoom. Defendants Snowy Owl Technologies and Richler filed a Notice of Removal on July 22, 2025. No opposition to the Order was filed, despite its being due prior to the removal.

## II. Legal Argument

Pursuant to 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in such action prior to removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450; *see also* Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423 (1974).

Section 1450 does not set forth the standard for dissolving or modifying such orders or judgments. Instead, the orders or judgments entered by the state court prior to removal should be treated as orders or judgments entered by the district court. Colonial Bank & Trust Co. v. Cahill, 424 F. Supp. 1200, 1203 (N.D.Ill.1976); 32A Am.Jur. Fed. Cts. § 1701; *see also* Fed. R.Civ.P. 81(c) (stating that the federal rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal").

Prior to removal, the Order was an interlocutory order, which could be appealed only by obtaining leave from the Appellate Division of the Superior Court of New Jersey. *See* N.J. Ct. R. 2:2-4, 2:5-6. In addition, the Order was subject to reconsideration at any time prior to entry of final judgment in the sound discretion of the State Court in the interest of justice. *See* N.J. Ct. R. 4:42-2. Thus, following removal, the Order became appealable as of right pursuant to 28 U.S.C. § 1292(a) (1) and subject to the 10 day period for filing motions for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and/or New Jersey Local Civil Rule 7.1(g). Tehan v. Disability Management Services, Inc., 111 F. Supp. 2d 542 (D.N.J. 2000).

Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision, *see* Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J.1989), or the only apparent purpose for filing the motion is to assert the reasons why the moving party disagrees with the court's decision. *See* Hatco Corp. v. W.R. Grace & Co. Conn., 849 F. Supp. 987, 990 (D.N.J.1994).

In Resolution Trust Corp. v. Nernberg, 3 F.3d 62 (3d Cir.1993), the Third Circuit addressed the role of a district court following removal of a case on appeal from a state court judgment. Specifically, the Third Circuit promulgated a supervisory rule district courts should follow in such circumstances, holding: "In all cases removed to the district court after judgment has been entered by a state court, the parties may, within thirty days of the date the case is docketed in the district court, file motions to alter, modify, or open the judgment. After briefing or argument as it deems advisable, the district court should enter an order granting or denying such relief. If the motion is denied or if the parties fail to file within the thirty-day period, the district court should enter an order adopting the state court judgment as its own. Parties then desiring to appeal shall observe the appropriate federal rules of procedure applicable to a judgment of the district court.... [M]otions directed to the district court shall not require it to act as an appellate court.

Rather, the motions that we envision are those in the nature of proceedings under Federal Rule of Civil Procedure 59(e)...." *Id.* at 68-69. Although this case does not involve a final judgment on appeal from a state court, it does involve an interlocutory judgment from which leave to appeal could have been obtained in state court and that was appealable as of right in federal court.

In the Third Circuit, however, "modification of a[] [preliminary] injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." Favia v. Indiana Univ., 7 F.3d 332 (3d Cir.1993); *see also* Township of Franklin Sewerage Auth. v. Middlesex County Utils. Auth., 787 F.2d 117, 121 (3d Cir. 1986) (holding that "[t]he standard that the district court must apply when considering a motion to dissolve an injunction is whether the movant has made a showing that changed circumstances warrant the discontinuation of the order").

Pursuant to 28 U.S.C. § 1292(a) (1), "courts of appeals shall have jurisdiction of appeals from ... [i]nterlocutory orders of the district courts of the United States, ... or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

Although Defendants have cited the rules that apply in this situation, they have failed to apply them to the specifics of this case.  As the Order entered by the Superior Court on June 27 became an Order of this Honorable Court as of the date of removal on July 22, Defendants are past the point of being able to seek reconsideration or appeal. Further, Defendants have provided no evidence of changed circumstances; they have merely recycled their objections to the entry of the Order, presumably seeking this Court to act as an appellate court.  Defendants have offered no reason for their reason to comply with the terms of the Order, such as the requirement of a written response.

### A. Defendants Failure to Comply with the Requirements of § 1446 Have Created a Procedural Quagmire

Although Defendants mock Plaintiffs' response to their improper attempts to address the temporary restraints entered in this matter, contrary to Defendants' claim, Plaintiffs complied with the Superior Court's Order.  The facts alleging immediate and irreparable damage were properly pled pursuant to Rule 4:67-2(a).  Further, the only specific obligation upon Plaintiffs was to serve a copy of the Order within seven days, with which Plaintiffs complied.  Conversely, Defendants have failed to comply with the terms of the Order, including their requirement for filing a timely written response.

Defendants' defective removal reinforces why remand is necessary in this case. Defendants' failure to provide this Honorable Court with a copy of the Order not only made it impossible for the Court to manage this order as if it were its own pursuant to Rule 65, but also substantively affected Plaintiffs' rights and their ability to enforce them. Plaintiffs could not file a motion to extend the temporary restraints without pointing out Defendants' mistake in the time period in which it could be corrected.  Defendants' failure to strictly comply with the requirements for removal point strongly in favor of

remand.  Further, despite their numerous complaints about the Order, there has been no mention of any hardships actually caused by the entry of this Order upon Defendants.  Defendants have remained silent on whether or not the Order has been complied with.

### B. Defendants' Request to Dissolve the Injunctive Restraints is Improper

Defendants' attempts to recycle their Motions to Dismiss in a motion seeking to dissolve temporary restraints are unpersuasive.  Plaintiffs respectfully incorporate by reference their responses to said motions. (Doc. 10 and Doc. 15).  Plaintiffs offer the Declaration of Brett Houck in response as Exhibit B.  In short, Defendants are operating their business with Capital One using stolen intellectual property and protected confidential information improperly acquired by Richler.  The Superior Court agreed.

### C. The Protections Afforded by the Capital One Non-disclosure Agreement Demonstrate a Clear Likelihood of Success for Plaintiffs

The Non-disclosure Agreement for the relationship between Gray Harbor and Capital One (hereinafter "the NDA") was discovered after the filing of the Complaint.  A true and correct copy is attached hereto as Exhibit C.  The NDA provides:

> "Recipient acknowledges that all Confidential Information of Discloser is proprietary and of competitive value, and in many instances, trade secrets. Recipient agrees that because of the unique nature of such Confidential Information, any breach of the Agreement would cause Discloser irreparable harm, and money damages and other remedies available at law in the event of a breach would not be adequate to compensate Discloser for any such breach. Accordingly, Recipient agrees that Discloser shall be entitled, without the requirement of posting a bond or other security, to equitable relief, including, without limitation, injunctive relief, and specific performance, as a remedy for any such breach. Such relief shall be in addition to, and not in lieu of, all other remedies available to Discloser, whether under the Agreement, at law or in equity".  Ex. C., p3.

The NDA establishes a clear and independent basis for injunctive relief beyond that sought by the Complaint.  The NDA is very clear as to the information that is protected and the remedies available.  The NDA is also very clear that the damages go beyond economics.  Further, the NDA specifically states that no bond shall be required.

For the reasons set forth herein, if the matter is not remanded, Plaintiffs respectfully request this Honorable Court to deny Defendants' requested relief and to enter an Order maintaining the restraints.

Sincerely,

Musa A. Jan