# EXHIBIT H

# Musa A. Jan, JD, MPH
Law Offices of Musa Jan

1000 W. Valley Road #1345
Southeastern, PA 19399
215.821.7793
musa@musajanlaw.com

_____

October 21, 2024

Mitchell Richler
Snowy Owl Technologies Inc.
Prime Digital Ads LLC
725 Rue Satim
Saint-Laurent, QC H4W 2M8
Canada

**Via email to mitch.richler@gmail.com**

Dear Mr. Richler,

    Please be advised that my office has been retained by Gray Harbor Digital and Brett Houck. Please be further advised that I have substantive proof of your malfeasance against and serious breaches of your duties towards my clients. Some of the evidence in our possession even leans into fraudulent acts.

    My clients intend to pursue these wrongful acts vigorously. To that end, my clients intend to invoke all remedies under the available state and federal civil, and if necessary, criminal statutes. You are misguided if you believe that you can defraud and rob my clients without any accountability.

    The damages you have caused my clients are well in excess of Fifteen Million Dollars ($1,500,000). However, for a very limited time, my clients are willing to resolve the matter in exchange for the following consideration: Six Million Six Hundred Thousand dollars ($6,600,000), your assumption of all liabilities of Gray Harbor Digital with respect to the unpaid partner organizations – whom you are still doing business with, and the release of any commissions allegedly owed to you by Gray Harbor Digital. This offer requires a minimum payment of Three Hundred Thousand Dollars ($300,000) in certified funds to be received by no later than Friday, October 25, 2024. I have been afforded some flexibility by my clients to work out the terms of the remaining balance with you.

    The level of unpleasantness with which this matter is resolved lies entirely in your hands. This offer irrevocably expires on Friday, October 25, 2024. If I do not hear from you before then, my clients will immediately move forward to enforce all of their rights.

Further, you are hereby directed to have no contact whatsoever with Mr. Houck and Gray Harbor Digital's clients. Any impermissible contact shall be dealt with harshly.

In addition, this letter serves as formal notice that you and your companies are hereby ordered to preserve all data, documentation and any other type of evidence in the possession of you or your companies related in any way to your dealings with Gray Harbor Digital, any of Gray Harbor Digital's clients, and Mr. Houck. Gray Harbor Digital believes that documents and electronically stored information ("ESI") will be an important and irreplaceable source of discovery in any pending or potential litigation. In light of the foregoing, preservation of all information from your personal and corporate records, computer systems, removable electronic media, cloud storage, and any other locations is required. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and network access information. You and your companies should also preserve all of the following platforms in its possession and all third parties under the control of you and or your companies (such as an employee or outside vendor under contract): databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voicemail) (the "Data").

As I am sure you are aware, adequate preservation of such Data requires you and your companies do more than simply refrain from efforts to destroy or dispose of such evidence. You and your companies must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of Data.

As you know, the law and rules regarding destruction of evidence apply to electronic data in the same manner as they apply to other forms of evidence. These obligations apply to not only active Data, but also archived Data, deleted Data, legacy Data, and file system and application metadata, even on personal computers, other internet wireless communication devices ("IWCD"), and any cloud computing services used in connection with your business. Emails and records of Internet and Web-browser generated files must be preserved in electronic format, even if there are hard copies of them. A proper chain of custody must also be ensured so that no material changes, alterations or modifications are made to the Data.

If not already done, all members, managers, officers, employees, and consultants of you and or your companies must be directed to immediately initiate a litigation hold for potentially relevant Data, documents, and tangible things, and to act diligently and in good faith to secure and audit compliance with that litigation hold. In doing so, you and or your companies must be also to immediately identify and modify or suspend features of their information systems and devices that, in routine operation, operate to cause the loss of potentially relevant Data. For example, you and or your companies must take all steps necessary to avoid and eliminate: (1) purging the contents of email repositories by age, capacity or other criteria; (2) using data or media wiping, disposal, erasure or encryption utilities or devices; (3) overwriting, erasing, destroying or discarding back up media; or (4) running antivirus or other programs effecting wholesale metadata alteration. Further, you and your companies must preserve and not destroy

2

passwords, decryption procedures (and accompany software), network access codes, ID names, manuals, tutorials, written instructions, and decompression or reconstruction software. You and your companies should also take all steps necessary to recover any electronically stored information that has already been destroyed and that can still be reasonably recovered.

You and your companies should also take affirmative steps to prevent anyone with access to the Data, the information systems, and the archives of those systems from seeking to modify, destroy or hide electronic evidence on network or local hard drives (whether by deleting or overwriting files, using data shredding and overwriting applications, defragmentation, re-imaging or replacing drives, encryption, compression, steganography or similar processes). It should also be anticipated that there will be a need to disclose and produce system and application metadata and to act to preserve it. In the case of emails, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, CC, and BCC fields. Copies of all hardware and software needed to view electronic files, including all relevant encryption and de-encryption systems, compression and decompression software and relevant passwords should be maintained. If hardware containing relevant information is replaced or becomes outdated, retain the relevant hardware so that relevant data still may be accessed.

Hard copies of documents will not be an adequate substitute for electronically stored versions of the documents since the hard copies do not preserve electronic searchability or metadata. Thus, relevant information is not always presented as a document. Other relevant data, for example, models, diagrams, images, and presentations also must be retained. Accordingly, both forms of documents should be preserved if information exists in both paper and electronic forms. Further, the preservation obligation extends beyond Data that is simply in your care, possession, or custody to also include Data that is in the custody of all third parties that is subject to your direction or control. You and your companies must therefore notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant Data to preserve such Data to the full extent of the obligation of you and your companies to do so, and you and your companies must take reasonable steps to secure their compliance.

In order to show preservation compliance, you and your companies must maintain a log, documenting all alterations or deletions made to any electronic data storage device or any electronic data processing system. The log should include changes and deletions made by supervisors, employees, contractors, vendors, or any other third parties.

In sum, you and your companies must take the necessary steps and must notify the appropriate persons to preserve all Data and to avoid spoliation or data loss. As you know, any failure to preserve Data may result in a finding of spoliation of evidence by a court in any legal proceeding and findings of adverse inferences against you and your companies, and possibly even sanctions. Moreover, this duty to preserve relevant information is ongoing. For any Data created after the date of this letter or for any electronic processing systems used after the date of this letter, you and your companies must take the proper steps to avoid destroying potentially relevant evidence. This includes following the above preservation protocols. Thus, the duty to preserve and to advise all of you and or your companies' employees (and third parties such as contractors under your control or third parties to whom claims under the Policies would be

reported) to preserve all relevant documents that are composed or received after receipt of this letter remains in effect.

     To accomplish the foregoing, the locations of relevant data should be identified, as well as all employees and contractors with relevant Data. We need a list of all employees and contractors who may have possession or control over potentially relevant Data, including, as applicable: (a) key players and their assistants; (b) person who may have dealt or communicated with Gray Harbor Digital; (c) records department personnel; (d) IT personnel; and (e) other persons that may deal with document retention or storage of documents or data (including all former employees' and contractors' files). This letter should be immediately provided to everyone in the management of you and your companies and all affected employees and contractors of you and or your companies must be notified immediately by, at a minimum, providing them with a copy of this legal hold letter. Third parties who also may have relevant information include, as applicable: (a) former employees; (b) consultants and professionals, including all counsel and accountants engaged by the company during the relevant time period for any purpose; (c) vendors; and cloud storage providers.

     You and your companies must also develop a collection process to ensure that all relevant data and other material is stored and organized in an efficient and safe manner. Paper documents and electronic storage of relevant data should be maintained under lock and key. You and your companies must also collect and store any offline or online storage devices that contain Data from any electronic processing devices relevant to the claims of Gray Harbor Digital. For each piece of media you and or your companies preserve(s), it must document a complete chain of custody. A proper chain of custody will ensure that no material changes, alterations or modifications were made while the evidence was handled. Chain of custody documentation must indicate where the media has been, whose possession it has been in, and the reason for that possession.

     All of the information contained in this letter should be preserved for at least the period beginning April 1, 2022 through present.

     I strongly encourage you to resolve this matter amicably while the limited opportunity is present. Be guided accordingly.

     Sincerely,

     */s/ Musa A. Jan*

     Musa A. Jan, Esquire

Cc:    Jake Van Dyken, Esquire (via email)
        General Counsel, Gray Harbor Digital